In re Fred SAFKA, Patricia Safka, Debtors.

VERMONT DEPARTMENT OF TAXES, Plaintiff,

v.

Fred SAFKA, Patricia Safka, Defendants.

Bankruptcy No. 81–204.
Adv. No. 82–0082.

United States Bankruptcy Court,
D. Vermont.

Dec. 27, 1982.

See also Bkrtcy., 24 B.R. 87.

George E. Brooks, Montpelier, Vt., for plaintiff.

Richard L. Hill, Rutland, Vt., for defendants-debtors.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The continued hearing to determine that portion of the plaintiff's claim which should be allowed as SECURED was held.

From the testimony adduced at the hearing, the exhibits introduced, and the documents attached to the plaintiff's proof of claim, the following facts are established:

The debtors were officers in FIVE A, Inc., a Vermont Corporation, the operator of the Willoughvale Inn which, during the period April, 1979 through August, 1981, incurred a liability for meals and rooms taxes of $22,925.27 and also for withholding taxes of $2,468.77 for the period September, 1976 through December, 1978. By letter dated April 24, 1979 the plaintiff notified the debtors that it had determined that the defendants-debtors, as corporate officers of FIVE A, Inc., were charged with the responsibilities of collecting, reporting and remitting taxes due to the State of Vermont. This notice also recited that the debtors could appeal and outlined the procedure to be followed. The total taxes with interest and penalties incurred during the foregoing periods amount to $25,394.04. However, the parties have stipulated and this Court has found and determined by its Memorandum and Order entered October 1, 1982 that the total tax indebtedness of the debtors to the plaintiff for which they are jointly and severally liable is $24,847.13. This Court also determined under said Order that this obligation for taxes was not dischargeable. It did, however, leave for consideration at this continued hearing which portion of the plaintiff's claim is SECURED.

On November 15, 1980 the plaintiff filed in the office of the Town Clerk of Westmore, Vermont, where the property of the debtors was situated, a Notice of Lien for withholding and meals and rooms taxes for the period May, 1979 through August, 1980 amounting to $8,848.22 with lien fees of $6.00 for a total of $8,854.22. This was the only Notice of Lien filed by the plaintiff prior to the date of the filing of the petition for relief by the debtors on September 28, 1981.

Any claim that the plaintiff is entitled to a secured status must be predicated on 32 V.S.A. § 5895 and 32 V.S.A. § 9281. § 9281 of Title 32 Vermont Statutes Annotated imposes the same lien on the property

of a taxpayer who neglects or refuses to pay meals and rooms taxes with the same force and effect as the lien for taxes withheld under the withholding provisions of the Vermont Income Tax law, as provided under § 5895. This reads, in part, as follows:

"(a) If any corporation, partnership, individual, trust or estate required to pay or remit any tax liability under this chapter neglects or refuses to pay it in accordance with this chapter after notification or assessment thereof under section 5881 of this title, the aggregate amount of the tax liability then due and owing, together with any costs that may accrue in addition thereto, shall be a lien in favor of this state upon all property and rights to property, whether real or personal, belonging to the corporation, partnership, individual, trust or estate. The lien shall arise at the time the notification or assessment is made by the commissioner and shall continue until aggregate tax liability with costs is satisfied in full or becomes unenforceable by reason of lapse of time. The lien shall be valid against any subsequent mortgagee, pledgee, purchaser, or judgment creditor when notice of the lien and the sum due has been filed by the commissioner with the clerk of the town or city in which the property subject to lien is situated."

§ 5881 recited in the foregoing applies to any tax liability for income taxes, including withholding.

It is noted that under the aforesaid § 5895, the lien arises at the time the notification or assessment is made by the commissioner of taxes but it is not valid against any subsequent mortgagee, pledgee, purchaser, or judgment creditor until notice of the lien and the sum due has been filed by the commissioner with the clerk of the town or city in which the property subject to lien is situated.

The voluntary petition for relief under Chapter 13 was filed in the instant case on September 28, 1981 when an interim trustee was appointed. As of then he was vested with the same rights and powers of a judicial lien creditor. § 544(a)(1) of the Bankruptcy Code. Therefore, his position was the same as a judgment creditor against whom, as provided by the foregoing § 5895 of Title 32 Vermont Statutes. Annotated, a tax lien would not arise until there had been filed in the town clerk's office where the property of the taxpayer was situated a notice of the lien and the sum due. There was compliance with this statute by the plaintiff only as to withholding and meals and rooms taxes for $8,854.22 with the filing in the town clerk's office occurring on November 15, 1980. This was prior in time to the date on which the interim trustee became a judicial lien creditor, i.e., September 28, 1981, when the petition for relief was filed. As a result, the plaintiff is secured to the extent of $8,854.22. After deducting this sum from the total stipulated claim of $24,843.13, there is a balance of $15,988.91 for meals and rooms taxes assessed for the taxable years 1979, 1980 and early in 1981. They are in the nature of a tax required to be collected for which the debtors are liable. As such they have a sixth priority under § 507(a)(6)(C) of the Bankruptcy Code.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The amended proof of claim, in the total sum of $24,847.13, filed by the Vermont Department of Taxes through its Commissioner of Taxes on May 25, 1982, is allowed as SECURED in the sum of $8,854.22.

2. The balance of $15,988.91 is allowed as a 6th priority under Section 507(a)(6)(C) of the Bankruptcy Code.